WARNER v. HAMILTON.

(Court of Civil Appeals of Texas. San Antonio. June 14, 1911.)

FRAUDS, STATUTE OF (§ 109*)—DEBT OF ANOTHER—PROMISE TO PAY—MEMORANDUM.

Plaintiff having been employed by the M. company had a claim against it for wages. He threatened to quit, when he was informed that defendant and certain others were about to organize a new company, and that they wanted plaintiff to work for them in the same capacity, and that if he would do so they would give him a job as long as they were in business, and would pay him $100 a month. Thereafter defendant wrote plaintiff a letter, stating that defendant's partners were pleased with the stand plaintiff had taken in their behalf, and assured plaintiff that they would stand by him "and see you out paid in full," and his berth made, so long as defendant and his two partners were in charge of the land company. *Held*, that such letter was not a sufficient memorandum under the statute of frauds to bind defendant to pay plaintiff's claim for back salary against the M. company.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 222-224; Dec. Dig. § 109.*]

Appeal from Deaf Smith County Court; W. H. Russell, Judge.

Action by J. S. Warner against W. J. Hamilton. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Barcus & North, for appellant.

JAMES, C. J. The petition of W. J. Hamilton alleged in substance that the John U. May Company owed him $300 for services rendered said company by plaintiff as automobile driver during the months of August, September, and October, 1908; that about November 15, 1908, J. S. Warner, Glaspeel Ray, and P. B. Warr, as a consideration and as an inducement for plaintiff to work for them, they having formed a partnership for the purpose of conducting a general immigration business, agreed and promised that if plaintiff would continue in the service of said partnership they would pay him said $300 due him by the John U. May Company, the

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & 'Rep'r Indexes

same being then and now a defunct and insolvent corporation; that plaintiff accepted the proposition and continued in the service of said partnership.

The suit was against Warner, who answered by a general and special demurrer; the latter being: "This defendant specially excepts to that part of the petition which attempts to hold this defendant liable upon an original undertaking and a promise to pay the debt of the John U. May corporation, because it does not show that there was any consideration paid or promised by the appellant to appellee for said promise, and is not therefore binding." He also pleaded a general denial, and alleged that if said promise was made it was without consideration, and was an attempt to hold him for a debt of another person, contrary to the statute of frauds. The court overruled the demurrers, and on hearing rendered judgment for plaintiff.

The testimony before the court was as follows: That plaintiff had worked for some time for the International Land Company as an automobile driver and repairer, and on August 1, 1908, began working for the John U. May Land Company in the same capacity and so worked for them during August, September, and October, 1908; that said International Land Company paid him $100 per month, and the John U. May Land Company agreed to pay him the same; that on November 1, 1908, said last-named company owed him $300 for his services during said three months; that early in November the defendant, Warner, met plaintiff, and plaintiff told him that the John U. May Land Company owed him said sum, and that unless same was paid he was going to quit; that Warner then told plaintiff that he was going North and would see Warr and Glaspeel on his trip, and see what could be done for him; that he, Warr, and Glaspeel had formed a partnership for the real estate and immigration business under the name of the Independent Realty Company, and that he and his partners wanted plaintiff to work for them in the same capacity in which he had been working for the International Land Company and the John U. May Land Company, and told plaintiff that if he would so continue working for them the Independent Realty Company would give him a job as long as they were in business, and would pay him the sum of $100 per month; that shortly after this Warner made a trip North, and when he returned he and plaintiff had two or three conversations, in substance the same as the one above outlined; that while on said trip North defendant wrote plaintiff the following letter: "Darlington, Wis., Nov. 15, 1908. Mr. W. J. Hamilton—Dear Sir: I arrived this p. m. Well, Mr. Hamilton, everything is drifting along in the same old way, as I explained to you when I left. Warr and Glaspeel were pleased that you took the stand in our behalf as you did, and rest assured that we will stand by you and see you out paid in full and your berth made so long as we three are at the helm of the wheel of a land company."

Plaintiff worked for the Independent Realty Company until January 1, 1910, when he voluntarily quit its service. Said company paid him the sum of $100 per month and furnished him a house to live in during that time. The International Land Company and the Independent Realty Company have paid plaintiff in full for all the service performed for them, but the John U. May Land Company has not paid him for August, September, and October, 1908, and said $300 is due plaintiff for such service rendered during those months; that defendant has never paid plaintiff said $300 due by the John U. May Land Company.

The case was submitted to the trial court on the above facts as an agreed case.

We are of opinion that the letter cannot be construed as a promise to pay to plaintiff the debt due him by the John U. May Company. In order for defendant to have become liable to plaintiff for the John U. May Company debt, it must appear that defendant or his firm agreed, as a part of the consideration of plaintiff's continuing in their service, that they would pay him this debt. All the testimony that bears on this is that plaintiff threatened to quit defendant's service, unless said debt was paid, and that in view of such threat the letter was written to him by defendant. If that letter had contained a promise to pay the debt, under the above circumstances, it might have been held binding on defendant as an original undertaking; but, as it did not make the promise, there is no ground upon which defendant can be held.

Reversed and rendered.